**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**JERRY JAMES ELLIS**                                                                                   **PETITIONER**
**ADC #078658**

**V.**                         **CASE NO.: 5:07CV00148 SWW/BD**

**LARRY NORRIS**                                                                                      **RESPONDENT**
**Director, Arkansas Department**
**of Correction**

**RECOMMENDED DISPOSITION**

**I.**     **Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from receipt of the findings and recommendations.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

      1.      Why the record made before the Magistrate Judge is inadequate.

      2.      The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## II.   Procedural History:

Pending is Petitioner Jerry James Ellis's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (docket entry #2). Respondent answered and stated that the petition is time-barred because Petitioner's Rule 37 petition for post-conviction relief was untimely and, thus, did not toll the applicable statute of limitations (#5). Petitioner replied that his Rule 37 petition for post-conviction relief was, in fact, timely (#10). For the reasons that follow, the Court recommends that this Petition for Writ of Habeas Corpus (#2) be DENIED and DISMISSED with prejudice.

## III.   Background:

On March 10, 2005, Petitioner was convicted by a jury of rape, residential burglary, and terroristic threatening. He is serving a sentence of life plus fifty-five years

in the Arkansas Department of Correction. Petitioner appealed the conviction and the Supreme Court of Arkansas affirmed on January 12, 2006. *Ellis v. State*, 364 Ark. 538, 210 S.W.3d 71 (2006). The mandate issued on January 31, 2006.

On April 14, 2006, Petitioner filed a Rule 37 petition for post-conviction relief with the trial court. On July 25, 2006, the trial court denied the petition as untimely. On September 20, 2006, Petitioner filed a motion for reconsideration. The trial court denied the motion for reconsideration on October 10, 2006. Petitioner then appealed the denial of his motion for reconsideration and the Supreme Court of Arkansas dismissed the appeal on March 22, 2007. *Ellis v. State*, CR 07-104, 2007 WL 853829 (Ark. March 22, 2007). On June 18, 2007, Petitioner filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (#2).

**IV.    Discussion**:

Title 28 U.S.C. § 2244(d)(1) establishes a one year period during which a state prisoner must commence a habeas corpus proceeding under 28 U.S.C. § 2254, or be barred from filing such an action. 28 U.S.C. § 2244(d)(1). "Section 2244(d)(1)(A) is triggered by either (i) the conclusion of all direct criminal appeals in the state system, followed by the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ." *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998).

"The time during which a *properly* filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." 28 U.S.C. § 2244(d)(2)(emphasis added).

Respondent urges the Court to find the instant petition time-barred. Title 28 U.S.C. § 2244(d)(1)(A) states that the limitation period begins to run from the date the judgment became final by the conclusion of direct review. A state court judgment becomes final under § 2244(d)(1)(A) upon the expiration of the time for filing a petition for writ of certiorari. *Nichols v. Bowersox*, 172 F.3d 1068 (8th Cir. 1999). "The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)." Sup. Ct. R. 13.3 (2005).

The Supreme Court of Arkansas affirmed Petitioner's conviction on January 12, 2006. The ninety-day period in which to seek certiorari expired on April 16, 2006. Petitioner had one year, that is, until April 16, 2007, to file his habeas petition. Petitioner filed this action on June 18, 2007 (#2).

As noted, a properly filed state post-conviction petition tolls the limitations period. 28 U.S.C. § 2244 (d)(2). A state post-conviction petition rejected by the state court as untimely, however, is not "properly filed." *Allen v. Siebert*, __ U.S. __, 128 S.Ct. 2, 4 (2007). Petitioner argues in his reply that he provided his post-conviction petition for

filing on March 31, 2006, but that the Pulaski County Circuit Court Clerk negligently failed to file his petition until April 14, 2006 (#10).

The trial court in this case determined that the post-conviction petition was untimely. The state court's determination of factual issues is presumed correct. 28 U.S.C. § 2254(e)(1). The record does not contain evidence sufficient to rebut this presumption. The Arkansas Supreme Court, though unnecessary for the determination of Petitioner's appeal, agreed that the post-conviction petition was untimely. *Ellis v. State*, CR 07-104, 2007 WL 853829 (Ark. March 22, 2007). When the state supreme court rules that a post-conviction petition is untimely, "'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 125 S.Ct. 1807 (2005) (quoting *Carey v. Saffold*, 536 U.S. 214, 226, 122 S.Ct. 2134, 2141 (2002)). Accordingly, Petitioner's Rule 37 petition for post-conviction relief did not toll the statute of limitations.

## V.   Conclusion:

The instant petition is time-barred. Petitioner's Rule 37 petition for post-conviction relief was untimely under state law. Thus, the post-conviction petition did not toll the statute of limitations applicable to his federal habeas corpus petition. Accordingly, the Court recommends that this Petition for Writ of Habeas Corpus (#2) be DENIED and DISMISSED with prejudice.

DATED this 1st day of February, 2008.

_____
UNITED STATES MAGISTRATE JUDGE