IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**JERRY JAMES ELLIS**                                                                                          **PETITIONER**
**ADC #078658**

V.                          **CASE NO.: 5:07CV00148 SWW/BD**

**LARRY NORRIS**                                                                                                **RESPONDENT**
**Director, Arkansas Department**
**of Correction**

## ORDER

By Order dated February 12, 2008, this Court denied Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction in the Circuit Court of Pulaski County, Arkansas, for rape, burglary, and terroristic threatening (docket entry #14).

In his habeas corpus action (docket entry #2), Petitioner claimed that he was denied his Sixth Amendment right to effective assistance of counsel during his trial. This Court denied the petition as barred by the statute of limitations. Petitioner has filed a "Notice of Appeal" which the Court is construing as a Motion for a Certificate of Appealability (COA) (docket entry #17) under 28 U.S.C.A. § 2253.

The COA statute establishes procedural rules and requires a threshold inquiry into whether the circuit court of appeals may entertain an appeal. *Slack v. McDaniel,* 529 U.S. 473, 482, 120 S.Ct. 1595, 1603 (2000). The right of appeal is limited in cases where the habeas petition "arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A).

In *Slack*, the Supreme Court addressed the requirements a petitioner must meet to satisfy § 2253(c). The Court stated:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . .Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

*Slack*, 529 U.S. at 484.

After careful consideration, the Court finds that reasonable jurists could not conclude that the Court erred in dismissing the petition. In this case, the procedural bar is plain. The Supreme Court of Arkansas affirmed Petitioner's conviction on January 12, 2006, and issued a mandate on January 31, 2006. Petitioner was eligible to petition for a writ of certiorari to the United States Supreme Court for ninety days thereafter, or until April 16, 2006, but he did not do so. Thus, the statute of limitations for filing a habeas petition expired on April 16, 2007, several months before this habeas petition was filed on June 18, 2007. Petitioner is not eligible for tolling under 28 U.S.C. § 2244(d)(2) because the Arkansas Supreme Court ruled that he did not file a timely Rule 37 petition. Further, Petitioner is not eligible for equitable tolling because he did not present the Court with any extraordinary circumstances from which the Court could find tolling to be appropriate. Accordingly, the Motion for Certificate of Appealability (docket entry #17) is DENIED.

IT IS SO ORDERED, this 10th day of March, 2008.

<u>/s/Susan Webber Wright</u>

UNITED STATES DISTRICT JUDGE